IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.

CRIMINAL NO. 3:16cr72-DPJ-LRA

CHARLIE LEE MARTIN,
DEREK D. MOSELEY,
L.C. HATFIELD, JR.,
RICHARD WILLIAMS, and
DEONTHA WHITE a/k/a "Dank"

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

**The Grand Jury charges:**

## COUNT 1

That from sometime in September 2015 through the date of this indictment, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **CHARLIE LEE MARTIN, DEREK D. MOSELEY, L.C. HATFIELD, JR., RICHARD WILLIAMS and DEONTHA WHITE a/k/a "Dank,"** did knowingly and intentionally conspire, with each other and others known and unknown to the Grand Jury, to possess with intent to distribute cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

**QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY**

With respect to **CHARLIE LEE MARTIN**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, more than 280 grams of a detectable amount of cocaine base, commonly

known as "crack," and a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and (C).

With respect to **DEREK D. MOSELEY**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, more than 280 grams of a detectable amount of cocaine base, commonly known as "crack," and a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and (C).

With respect to **L.C. HATFIELD, JR.**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, more than 280 grams of a detectable amount of cocaine base, commonly known as "crack," and more than 500 grams of a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and (B).

With respect to **RICHARD WILLIAMS**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is a detectable amount of cocaine base, commonly known as "crack," in violation of Title 21, United States Code, Sections 841(b)(1)(C).

With respect to **DEONTHA WHITE a/k/a "Dank,"** the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, more than 500 grams of a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(b)(1)(B).

## COUNT 2

That on or about October 14, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **CHARLIE LEE MARTIN, DEREK D. MOSELEY and L.C. HATFIELD, JR.**, aided and abetted by others known and

unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 280 grams of a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 3

That on or about October 14, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **CHARLIE LEE MARTIN, DEREK D. MOSELEY and L.C. HATFIELD, JR.,**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 4

That on or about October 24, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **L.C. HATFIELD, JR. and DEONTHA WHITE a/k/a "Dank,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 500 grams or more of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 5

That on or about November 8, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **L.C. HATFIELD, JR. and RICHARD WILLIAMS,** aided and abetted by others known and unknown to the Grand Jury,

did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.  Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 7th day of September, 2016.

UNITED STATES MAGISTRATE JUDGE